**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Guangzhou Youran Network Technology Co., Ltd. | **Case No.** |
| *Plaintiff*, | **Motion to Seal** |
| v. | |
| Partnerships and Unincorporated Associations Identified on Schedule A | |
| *Defendants*. | |

**PLAINTIFF'S MOTION FOR LEAVE TO**

**FILE CERTAIN DOCUMENTS UNDER SEAL**

Plaintiff Guangzhou Youran Network Technology Co., Ltd. ("Plaintiff"), by and through undersigned counsel, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 26(c), this Court's inherent authority, and Local Rule 26.2, for leave to file certain documents under seal in connection with Plaintiff's Complaint and Motion for Temporary Restraining Order. In support thereof, Plaintiff states as follows:

I.     **DOCUMENTS TO BE SEALED**

Plaintiff seeks leave to file under seal limited portions of the record that contain highly sensitive and non-public information concerning Defendants and their infringing activities. Specifically, Plaintiff seeks to seal Schedule A to the Complaint, which identifies the Defendants, as well as certain supporting exhibits and declarations that disclose Defendants' online marketplace storefronts, associated financial accounts,

and the investigative findings linking those accounts to the infringing products at issue. These materials collectively reveal the identities, operational structures, and digital footprints of Defendants' infringing enterprises and are central to Plaintiff's request for emergency injunctive relief. Plaintiff does **not** seek to seal the entire case, but instead requests narrowly tailored sealing to protect against immediate irreparable harm.

## II. LEGAL STANDARD

There is a well-established presumption of public access to judicial records in federal courts. However, that presumption is not absolute and may be overcome where a party demonstrates good cause for sealing and where the request is narrowly tailored to protect legitimate interests. Federal Rule of Civil Procedure 26(c) authorizes courts to issue protective orders to prevent harm resulting from the disclosure of sensitive information, and Local Rule 26.2 of this District requires that any request to seal be limited to only those materials for which confidentiality is necessary.

The Seventh Circuit has recognized that sealing is appropriate where disclosure would result in competitive or enforcement harm that cannot be undone.

Courts in the Northern District of Illinois routinely permit the sealing of documents where disclosure would facilitate ongoing unlawful conduct, permit defendants to evade enforcement efforts, or otherwise undermine the Court's ability to provide effective relief. In such circumstances, narrowly tailored and temporary sealing is appropriate to preserve the integrity of the proceedings and prevent irreparable harm.

## III. BASIS FOR RELIEF

This action arises under the Patent Act, 35 U.S.C. § 1 et seq., and concerns Defendants' willful infringement of Plaintiff's United States design patent through the

use of online storefronts directed at consumers in the United States, including within this District. Plaintiff seeks emergency ex parte relief to restrain Defendants' infringing conduct and to prevent the dissipation of assets derived from such conduct.

The materials Plaintiff seeks to file under seal contain highly sensitive identifying and investigative information, including the identities of Defendants' online storefronts, the financial accounts associated with those storefronts, and the evidentiary connections between Defendants and the infringing products. Public disclosure of this information at this stage would effectively provide Defendants with advance notice of this action before the Court has an opportunity to rule on Plaintiff's request for a temporary restraining order. Absent such relief, Defendants will have the opportunity to evade enforcement before the Court's Temporary Restraining Order can be executed against their financial accounts and online marketplace storefronts.

Given the nature of Defendants' operations, such advance notice would create a substantial and imminent risk of irreparable harm. Defendants are likely to take immediate steps to evade enforcement by transferring or dissipating assets to offshore accounts, deleting or concealing evidence of their infringing activities, and altering, shutting down, or migrating their online storefronts to avoid detection. These actions would significantly impair Plaintiff's ability to obtain meaningful relief and would frustrate the Court's authority by rendering any subsequent orders ineffective.

The risk of such conduct is particularly acute in cases involving foreign-based online infringers who operate through digital platforms and payment systems that can be modified or abandoned with minimal effort. Courts in this District have repeatedly

recognized that these circumstances justify narrowly tailored sealing to prevent defendants from circumventing judicial intervention.

## IV.  NARROW TAILORING

Plaintiff's request is carefully limited in scope and duration to address the specific risks identified above. Plaintiff does not seek to seal the entire case or to restrict public access beyond what is necessary. Instead, Plaintiff requests that only Schedule A and the associated exhibits and declarations containing Defendant-identifying and investigative information be maintained under seal.

Plaintiff further requests that such materials remain under seal only until the Court has ruled on Plaintiff's Motion for Temporary Restraining Order and the requested relief has been effectuated, or until further order of the Court. At that time, the Court may determine whether continued sealing is warranted or whether the materials should be unsealed in whole or in part.

This narrowly tailored approach ensures that the public's interest in access to judicial proceedings is preserved while protecting Plaintiff from the substantial risk of irreparable harm that would result from premature disclosure.

Such relief represents the least restrictive means of protecting Plaintiff's rights while preserving public access to judicial proceedings.

**V.      Conclusion**

For the foregoing reasons, Plaintiff respectfully requests that this Court grant its

Motion for Leave to File Certain Documents Under Seal and permit the limited and

temporary sealing of Schedule A and related supporting materials.

Dated: March 26, 2026

Respectfully submitted,
/s/ Nitin Kaushik
Nitin Kaushik
Kaushiklex
1600 Perrineville Rd
Ste 2-400
Monroe Township, NJ 08831
Tel: 908-560-7265
Fax: 908-641-2341
Email: nkaushik@kaushiklex.com
*Counsel for Plaintiff*